[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13151
Non-Argument Calendar
_____

Agency No. 2017-037

MICHAEL B. BROWN,

                                                                        Petitioner,

versus

SECRETARY OF LABOR,

                                                                        Respondent.

_____

Petition for Review of a Decision of the
Department of Labor
_____

(July 11, 2018)

Before ED CARNES, Chief Judge, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Michael B. Brown, proceeding pro se, appeals the Administrative Review

Board's order dismissing as untimely his petition for review of the administrative

law judge's denial of his Sarbanes-Oxley whistleblower complaint. He also appeals the Board's order denying his motion for reconsideration.

Brown worked as an audit manager at Synovus Financial Corporation from November 2007 to January 2014, when he was fired. In July 2014 he filed a counseled whistleblower complaint with the Occupational Safety and Health Administration alleging that Synovus retaliated against him after he complained about potential Sarbanes-Oxley violations. After an investigation, OSHA dismissed his complaint in April 2015, finding that there was no reasonable cause to believe that Synovus violated the Sarbanes-Oxley Act when it fired him. Brown objected to that finding and requested a hearing before an ALJ. Brown also retained a new attorney to represent him before the ALJ. Synovus then moved for summary judgment, which the ALJ granted on Friday, December 16, 2016.

Brown had 14 days to appeal the ALJ's decision to the Administrative Review Board, which means that he had to file his petition for review by Friday, December 30, 2016. See 29 C.F.R. § 1980.110(a) (Mar. 2015). He did not file an appeal by that deadline. Instead, on April 6, 2017 — over three months after the deadline — he filed a pro se "Motion and Brief to Set Aside the Order Due to Fraud on the Court" under Federal Rule of Civil Procedure 60(d)(3),[1] alleging that the ALJ intentionally omitted and misrepresented facts in favor of Synovus. The

---

[1] Rule 60(d)(3) allows a court to "set aside a judgment for fraud on the Court."

Board construed the motion as a petition for review and stated that it was untimely. But because the 14-day appeal deadline is not jurisdictional and is subject to equitable tolling, the Board ordered Brown to show cause as to why his petition should not be dismissed as untimely.

Brown responded to the show cause order by arguing that equitable tolling should apply because his attorney was ineffective. He stated that after receiving the ALJ's order on December 19, 2016, he immediately called his attorney to discuss an appeal. He spoke with and visited his attorney over the next several days and stated that he believed that his attorney had filed his appeal by the December 30 deadline. But on January 14, 2017, he learned that his attorney had failed to file a timely appeal with the Board. Brown attached a sworn affidavit from his attorney confirming those allegations. Synovus argued in response that the Board had repeatedly rejected ineffective assistance as a ground for equitable tolling.

On May 17, 2017, the Board issued an order denying Brown's petition on the ground that attorney error does not permit equitable tolling. It also noted that even though Brown learned on January 14, 2017, that his attorney had not filed an appeal, Brown did not file an appeal within 14 days from that date; instead, Brown waited over three months to file his motion. Brown filed a pro se motion for reconsideration requesting that the Board entertain an independent action to

3

reconsider its decision and to set aside the ALJ's order for fraud on the court.  The Board denied that motion on the ground that it did not address any of the Board's grounds for granting a motion for reconsideration.  This is his appeal.

We review the Board's "decision pursuant to the standard of review outlined in the Administrative Procedure Act."  DeKalb County v. U.S. Dep't of Labor, 812 F.3d 1015, 1020 (11th Cir. 2016) (quotation marks omitted).  We review de novo the Board's legal conclusions and its "factual findings are reversed only if unsupported by substantial evidence on the record as a whole."  Id. (quotation marks omitted).  Brown contends that the Board erred in construing his motion to set aside the ALJ's decision as a petition for review, instead of a motion under Rule 60(d)(3), and that it erred in dismissing his motion as untimely.  He also contends that the Board erred in denying his motion for reconsideration.  Brown's contentions fail.

The Board did not err in construing his motion to set aside the ALJ's order as a petition for review instead of a Rule 60(d)(3) motion.  The Board liberally construes pro se filings, Svendsen v. Air Methods, Inc., ARB Case No. 03-074, 2004 WL 1923132, at *1 n.2 (Aug. 26, 2004), and there is no authority for Brown's argument that the Board is required to follow the Federal Rules of Civil Procedure, see Henrich v. Ecolab, Inc., ARB Case No. 05-030, 2007 WL 7143174, at *5 (May 30, 2007) ("Adopting the entire Federal Rules of Civil Procedure

4

would prevent the Board from exercising the greater authority it possesses as the decision-maker for the Department of Labor.").

The Board also did not err in denying Brown's petition as untimely. The ALJ issued its decision on December 16, 2017, which gave Brown until December 30, 2017 to file his appeal with the Board. 29 C.F.R. § 1980.110(a). But, as Brown admits, he did not timely file an appeal, and his argument that attorney error warrants equitable tolling is a non-starter. See, e.g., Higgins v. Glen Raven Mills, Inc., ARB Case No. 05-143, at *9 & n.60 (Sept. 29, 2006) ("In considering whether attorney error constitutes an extraordinary factor for tolling purposes, the Board has consistently held that it does not because ultimately, clients are accountable for the acts and omissions of their attorneys.") (quotation marks and alterations omitted) (collecting cases). And, as the Board noted, even if equitable tolling did apply, once Brown learned on January 14, 2017, that his attorney did not file his appeal, he had another 14 days to file that appeal. See id.; see also 29 C.F.R. § 1980.110(a). But instead of doing that, he waited over three months until April 6, 2017, to file his motion with the Board. As a result, the Board did not err in denying his motion as untimely.[2]

---

[2] Brown also argues the merits of the original whistleblower complaint that he filed, but because the Board dismissed his petition on procedural grounds, we do not address the merits of his complaint. See Fla. Dep't of Labor & Emp't Sec'y v. U.S. Dep't of Labor, 893 F.2d 1319, 1321 (11th Cir. 1990) ("As a general rule in administrative law cases, a reviewing court may not affirm an agency decision on grounds not addressed by the agency, but, rather, will remand for the agency to address the issue in the first instance.").

Finally, the Board did not err in denying Brown's motion for reconsideration, which did not address any of the Board's grounds for reconsideration and was simply an attempt to relitigate his petition.  See Kirk v. Rooney Trucking Inc., ARB No. 14-035, at *2 (Mar. 24, 2016) (denying motion for reconsideration where party failed to address the Board's grounds for reconsideration, which include material differences in fact or law from what was presented to the Board and which the movant could not have known through reasonable diligence; new material facts or a change in law arising after the Board's decision; or failure to consider material facts presented to the Board before its decision).

**PETITION DENIED.**